<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| WENDY LUGO, on behalf of herself and all others similarly situated,<br><br>     Plaintiff,<br><br>v.<br><br>FIRSTSOURCE ADVANTAGE, LLC, and JOHN DOES 1 to 25,<br><br>     Defendant. | Case:  2:15-cv-06405-SDW-SCM<br><br>**OPINION**<br><br><br><br>June 16, 2016 |

**WIGENTON**, District Judge.

  Before this Court is Firstsource Advantage, LLC's ("Defendant") Motion to Dismiss the Complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). Jurisdiction is proper pursuant to 28 U.S.C. § 1331.  Venue is proper pursuant to 28 U.S.C. § 1391. This opinion is issued without oral argument pursuant to Federal Rule of Civil Procedure 78.

  For the reasons stated herein, Defendant's Motion to Dismiss is **GRANTED**.

**I. BACKGROUND AND PROCEDURAL HISTORY**

  Plaintiff Wendy Lugo ("Plaintiff"), a New Jersey resident, brings this action on behalf of herself and all similarly-situated individuals and entities who were sent debt collection letters and/or notices from Defendant in violation of 15 U.S.C. § 1692, the Fair Debt Collection Practices Act ("FDCPA").  (*Id.* at ¶¶ 1, 6, 7, 11.) Defendant is located in Amherst, New York and is in the business of collecting debts on behalf of creditors. (*Id.* at ¶ 8.)

1

Prior to February 2011, Plaintiff incurred a financial obligation to GE Capital Corp. ("GE") for an Old Navy account ("Account"). (*Id.* at ¶ 17.) Plaintiff's last payment on the Account was made on or before November 18, 2005. (*Id.* at ¶ 18.) Plaintiff defaulted on or before March 23, 2006. (*Id.* at ¶ 19.) In or around March 2006, GE transferred Plaintiff's obligation to LVNV FUNDING, LLC ("LVNV"), which subsequently transferred Plaintiff's obligation to Defendant. (*Id.* at ¶¶ 21, 23.)

On July 10, 2015, Defendant mailed Plaintiff a letter ("Letter") seeking payment of the balance of $669.08 remaining on the account. (Compl. ¶ 25; Ex. A.) The Letter reads, in pertinent part:

> This account has been placed with our office for collection to resolve your delinquent debt. If you wish to settle this account for a lump sum payment of $334.54 within 45 days from the date of this letter, please contact one of our representatives . . . If you are unable to take advantage of this offer within the 45 days allotted, please contact one of our representatives to discuss payment options.

(Ex. A.) On August 19, 2015, Plaintiff filed a one-count Complaint on behalf of herself and all consumers who were sent debt collection letters from Defendant alleging violations of the FDCPA. (*Id.* at ¶¶ 53-57.) Plaintiff alleges that Defendant engaged in unfair and deceptive acts in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692e(10), and 1692f. (*Id.* at ¶ 55.) Specifically, Plaintiff alleges that Defendant sent the Letter to mislead her into paying the entire debt, or to deceive her into making partial payment in order to reset the statute of limitations and renew Defendant's ability to legally collect on the debt. (Dkt. No. 13.)

On November 2, 2015, Defendant filed the instant Motion to Dismiss, to which Plaintiff filed opposition on December 21, 2015. (Dkt. Nos. 9, 13.) Defendant filed its reply on December 28, 2015. (Dkt. No. 14.)

**II. LEGAL STANDARD**

The adequacy of a complaint is governed by Fed. R. Civ. P. 8(a)(2), which states that a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. FED.R. CIV.P. 8(a)(2). This Rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted); *see also Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (stating that Rule 8 "requires a 'showing,' rather than a blanket assertion, of an entitlement to relief").

In considering a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips*, 515 F.3d at 231 (external citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *Iqbal* held, "to survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to state a claim to relief that is plausible on its face . . . The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (internal citations omitted).

In *Fowler v. UPMC Shadyside*, the Third Circuit devised "a two-part analysis." 578 F.3d 203, 210 (3d Cir. 2009). First, the court must separate the complaint's factual allegations from its legal conclusions. *Id.* at 210-11. Having done that, the court must take only the factual allegations

as true and determine whether the plaintiff has alleged a "plausible claim for relief." *Id.* (quoting *Iqbal,* 566 U.S. at 679).

## III. DISCUSSION

The FDCPA prohibits a debt collector from "us[ing] any false, deceptive, or misleading representation or means in connection with the collection of any debt," including falsely representing "the character, amount, or legal status of any debt," 15 U.S.C. §§ 1692e, 1692e(2)(A). The FDCPA also prohibits debt collectors from using unfair or unconscionable means of collecting a debt. *Id.* § 1692f.

In *Huertas v. Galaxy Asset Management,* the Third Circuit held that "the FDCPA permits a debt collector to seek voluntary repayment of [a] time-barred debt *so long as the debt collector does not initiate or threaten legal action in connection with its debt collection efforts.*"[1] *Huertas v. Galaxy Asset Mgmt.*, 641 F.3d 28, 32-33 (3d Cir. 2011) (emphasis added). "Whether a debt collector's communications threaten litigation in a manner that violates the FDCPA depends on the language of the letter, which should be analyzed from the perspective of the least sophisticated debtor." *Id.* at 33 (internal quotation marks omitted). Thus, Plaintiff's FDCPA claim hinges on whether Defendant's July 10, 2015 Letter threatened litigation.

Plaintiff's position that *Huertas* should not control and that this Court should instead follow out-of-circuit and district court opinions is unavailing. As in *Huertas*, the Letter here states that Plaintiff's account was sent to Defendant in order to "resolve" the debt, includes a privacy notice and disclosure pursuant to § 1692e, and never states that the debt is time-barred. (*See* Compl., Ex.

---

[1] A "[debtor's] debt obligation is not extinguished by the expiration of the statute of limitations, even though the debt is ultimately unenforceable in a court of law." *Huertas,* 641 F.3d at 32. In other words, the expiration of the statute of limitations does not absolve the debtor of the debt owed, but allows the debtor a complete defense to the creditor's attempt to collect on the debt in a court of law. *Id.*

A.) Based on these facts, this Court finds that the Letter does not threaten legal action under the Third Circuit's "least sophisticated debtor" standard and thus does not violate the FDCPA.[2]

**IV. CONCLUSION**

For the reasons set forth above, Defendant's Motion to Dismiss is **GRANTED**. An appropriate order follows.

s/ Susan D. Wigenton, U.S.D.J.

Orig:      Clerk
cc:        Steven C. Mannion, U.S.M.J.
           Parties

---

[2] *Filgueiras v. Portfolio Recovery Associates, LLC*, No. 15-8144, 2016 WL 1626958 (D.N.J. Apr. 25, 2016), an unpublished opinion relied on by Plaintiff, is distinguishable on the facts. In *Filgueiras*, the letter provided three specific settlement options that could result in a savings for the plaintiff. *Id.* at *9. The court held that presenting settlement options for a time-barred debt is sufficient to state a claim under the FDCPA because it could amount to a misrepresentation of the legal status of the debt. *Id.* at *7. In contrast, the Letter at issue here does not list specific settlement options and instead uses the word "settle," includes a lump sum payment option, and offers to speak to the debtor about payment options. Similarly, the letter in *Huertas* did not list settlement options and instead used the word "resolve" when referencing the debt, which is arguably synonymous with the use of the word "settle." Nevertheless, the dispositive issue in *Huertas* was whether the letter threatened legal action, which is the inquiry that controls the present case.